UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samuel L.P. Shepard,  Case No. 3:24-cv-1734

      Plaintiff,

v.  ORDER

Ohio Northern University,

      Defendant.

Plaintiff Samuel L.P. Shepard, who is proceeding *pro se*, filed suit against Ohio Northern University, alleging violations of the Americans with Disabilities Act, the Family Educational Rights and Privacy Act, and Ohio law. (Doc. No. 1). At the same time, he filed a motion for leave to file under seal a variety of documents he asserts support his claims. (Doc. No. 3). Shepard contends these documents contain "sensitive medical, education, and personal information, which would cause undue harm if disclosed." (*Id.* at 1).

There is "a strong presumption in favor of openness as to court records," and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citations and internal quotation marks omitted). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Shepard's motion does not satisfy this standard. He effectively has moved to seal the entire case but has not offered any explanation why those portions of the record that do not contain

allegedly sensitive information also must be sealed.  Moreover, ADA claims are commonly litigated with publicly available dockets and records, and Shephard does not explain why this case warrants an exception from that general rule.  Finally, Shepard fails to explain why it is necessary for him to file over 40 pages of documents as exhibits in support of his 23-page complaint.  *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

I deny Shepard's motion to file under seal because he has failed to carry his heavy burden to show sealing is appropriate.  (Doc. No. 3).  I hereby order that the Clerk of Court seal the documents attached as exhibits to Shepard's motion and limit access to those documents to court users only.  (*See* Doc. Nos. 3-1 through 3-9).  Further, I grant Shepard leave to file an amended complaint on or before November 8, 2024.  The complaint will remain under seal until that deadline has passed.  If Shepard does not file an amended complaint by that date, the sealing restriction on the complaint will be removed and it will become publicly viewable.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge